UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-14027-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DIEUSEUL LAURENT,

    Defendant.
_____/



FILED by _____ D.C.

DEC - 3 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON GOVERNMENT'S REQUEST TO DISMISS PENDING VIOLATION OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a final evidentiary hearing before the undersigned United States Magistrate Judge on December 3, 2012 in respect to the pending violation of supervised release set forth in the Petition dated May 22, 2012, and this Court having been advised by counsel for the government, recommends as follows:

    1.    On November 5, 2012, at the conclusion of the preliminary hearing in this case, counsel for the government announced that there was an issue concerning a pending state charge of battery possibly involving this Defendant. Counsel for the government announced that it may be superseding the Petition in this case based upon those state charges.

    2.    Counsel for the government and counsel for the Defendant have made further investigation into the pending state battery charge including speaking with the victim in that state case. Both counsel for the government and counsel for the Defendant have determined that this Defendant is not the person responsible for that battery even though

the state still maintains a hold on the Defendant concerning that charge. The victim in that state battery charge was in court at this hearing and has advised counsel for the government and U. S. Probation Officer Daniel Osking that this Defendant is not the individual who battered her. In fact, the victim has informed the government that she recently saw the person in Fort Pierce who previously battered her. It is noted that this Defendant has been in custody continuously and could not have been the person she observed.

3. Based upon all of the foregoing information, USPO Osking and counsel for the government are going to advise the State Attorney's Office in Fort Pierce that it is their belief that this Defendant is not the individual involved in that battery charge. This Court notes that there is presently a state hold on this Defendant for that battery charge.

4. Counsel for the government, AUSA Acosta, advised this Court that the government is recommending dismissal of the sole violation set forth in the Petition in this case which charges the Defendant with failing to report to his U. S. Probation Officer within 72 hours of his release from the U. S. Bureau of Prisons. The reason for this request for dismissal is based upon the facts that have been uncovered by the U. S. Probation Office and counsel for the government.

5. Ms. Acosta proffered that the Defendant was previously sentenced on or about March 3, 2003 in this case. Part of his sentence was that upon his release from custody he was to report to his U. S. Probation Officer within 72 hours of release.

6. The Defendant was released from the U. S. Bureau of Prisons on or about December 23, 2010. Upon his release he was immediately taken into custody by United States Immigration Services. Ms. Acosta's proffer went on to reflect that the Defendant

remained in INS custody until on or about July 5, 2011. Further, Ms. Acosta has confirmed that the Defendant has been reporting to INS as they have specifically requested since July 21, 2011. His next reporting date to INS is January 3, 2013.

7. After finding out that the Defendant had been taken into INS custody, USPO Osking contacted INS to obtain contact information for this Defendant. INS was not able to provide that information to Mr. Osking. Therefore, Mr. Osking requested INS to please advise this Defendant to contact USPO Osking as soon as possible. Mr. Osking told this Court at this hearing that INS never relayed that information to the Defendant and therefore the Defendant never contacted Mr. Osking.

8. It is apparent that the Defendant was taken into custody by INS immediately on his release from prison and INS has been monitoring his whereabouts ever since for over a year. However, INS has failed to provide this contact information to Mr. Osking so that he could make contact with the Defendant. Now the Defendant has been taken into custody on this violation and it is not clear to this Court that the Defendant knew that he was doing anything wrong since he was reporting to a United States government agency. This Court also notes that the Defendant does not speak English and there may be a language barrier issue concerning whether or not he was required to contact anyone other than INS and report as they have been directing him to report.

9. Based upon the foregoing, the government has requested that this Court recommend to the District Court that the pending Petition be dismissed since the government cannot establish that the Defendant knowingly violated his supervised release. As stated previously, the Defendant may well have believed that he was doing everything he was supposed to do by contacting and continuing to report to a United States

3

governmental agency upon his release from prison. INS never advised the Defendant that he was required to contact U. S. Probation Officer Osking.

10.   This Court also wishes to advise the District Court that USPO Osking stated that he would be meeting with representatives of the local State Attorney's Office immediately after this hearing to advise them that it is his belief this Defendant is not the person who allegedly committed the battery based upon the information received from the victim in that battery case. This Court mentions this since there is a state hold on the Defendant. This Court has previously set a bond so that the Defendant could be released pending final disposition of this case. However, the Defendant has not been released on bond and remains in state custody on that hold concerning the battery charge.

**ACCORDINGLY**, this Court recommends to the District Court that the Petition be **DISMISSED** based upon the request of the government and the consent of the Defendant. Further, counsel for the government, AUSA Acosta, and counsel for the Defendant, AFPD Birch, both stated that they would not be filing any objections to this Court's Report and Recommendation recommending that the government's request for dismissal be approved by the District Court. However, out of an abundance of caution, this Court will include that language at the end of this Report and Recommendation in the event that later it is determined that someone may have wanted to file an objection.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right

to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _3_ day of December, 2012, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Diana M. Acosta
AFPD Panayotta Augustin-Birch
U. S. Probation
U. S. Marshal